STATE v. PHIPPS

[112 N.C. App. 626 (1993)]

———————————————

STATE OF NORTH CAROLINA v. STACY RICHARD PHIPPS

No. 934SC219

(Filed 16 November 1993)

**Cemeteries and Burial § 23 (NCI4th)— desecration of grave— presence of deceased body required**

The presence of a deceased body is an essential element of the crime of defacing or desecrating a grave under N.C.G.S. § 14-148(a)(2), and to prove a violation of this statute, the State must prove not only that the defendant willfully performed an act proscribed by the statute, but that a deceased person was interred in the cemetery at the time the proscribed act was committed.

**Am Jur 2d, Cemeteries § 44.**

**Liability for desecration of graves and tombstones. 77 ALR4th 108.**

## STATE v. PHIPPS

[112 N.C. App. 626 (1993)]

Appeal by defendant from judgment entered 28 August 1992 in Sampson County Superior Court by Judge Milton Read. Heard in the Court of Appeals 19 October 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Valerie L. Bateman, for the State.*

*Philip E. Williams for defendant-appellant.*

GREENE, Judge.

Stacy Richard Phipps (defendant) appeals his conviction for defacing a grave site in violation of N.C. Gen. Stat. § 14-148(a)(2).

The body of George Washington Hudson was interred in a mausoleum on the grounds of the George Washington Hudson Cemetery in Turkey, North Carolina, in 1958. The cemetery is set off from other land by a brick border. In 1976, Mr. Hudson's body was moved to the Grand View Memorial Cemetery in Clinton to be buried next to his wife, who had passed away that year, and the mausoleum was removed. With the exception of the interment of Mr. Hudson's body from 1958 to 1976, no other person has ever been interred on the grounds of the George Washington Hudson Cemetery. After Mr. Hudson's body was removed in 1976, the cemetery consisted of the brick border around the cemetery, a brick slab upon which the mausoleum had sat, and Mr. Hudson's headstone, which lay face down in the ground near the brick slab.

In April, 1992, Mr. Hudson's son, David Dwight Hudson Sr., noticed that portions of the brick border were missing and the headstone had been knocked out of the ground. He further noticed markings where a tractor had been driven across the lot and that some of the bricks making up the border of the George Washington Hudson Cemetery had been damaged by a tractor being driven over them. During one visit to the cemetery, Dwight Hudson observed defendant driving his tractor near the George Washington Hudson Cemetery. When asked by Dwight Hudson if he had attempted to dig up the headstone, defendant stated that he had run over it with his tractor and his disk had knocked it out of the ground. Defendant further admitted that he had removed some of the bricks which made up the border around the cemetery. There is no evidence that defendant had permission to remove the bricks or to damage the bricks by driving his tractor over them.

Defendant was arrested and charged with two counts of defacing a grave site in violation of N.C. Gen. Stat. § 14-148(a)(2) and one count of defacing a grave site in violation of Section 14-148(a)(3). At the close of all the evidence, defendant moved to have the charges dismissed, but this motion was denied. A jury convicted defendant of one count of defacing a grave site in violation of Section 14-148(a)(2) and defendant was sentenced to a sixty-day suspended sentence and three years probation.

---

The dispositive issue is whether it is an element of the offense created by N.C. Gen. Stat. § 14-148(a)(2) that a deceased person be interred in the cemetery.

N.C. Gen. Stat. § 14-148(a)(2) makes it unlawful to willfully:

(2) Take away, disturb, vandalize, destroy or change the location of any stone, brick, iron or other material or fence enclosing a cemetery without authorization of law *or consent of the surviving spouse or next of kin of the deceased* thereby causing damage of less than one thousand dollars ($1,000); . . . .

N.C.G.S. § 14-148(a)(2) (1986) (emphasis added).

Defendant argues that because all of the evidence presented at trial showed that no deceased person was interred in the cemetery, the State has not proven all of the essential elements of the crime charged, and defendant's conviction must therefore be reversed. We agree.

The language of N.C. Gen. Stat. § 14-148(a)(2) is inherently ambiguous. The word "cemetery" is defined as a "place or area set apart for the interment of the dead." *Black's Law Dictionary* 282 (4th ed. 1968). This definition does not require that dead persons actually be interred in the place or area for the place or area to be a cemetery. Such a reading of the word "cemetery" conflicts with the language "without . . . consent of the surviving spouse or next of kin of the deceased," which, as used in N.C. Gen. Stat. § 14-148(a)(2), points to an assumption on the part of the legislature that a deceased person be interred in the cemetery, because one could not obtain the consent of the deceased's surviving spouse or next of kin if there is no deceased.

**STATE v. PHIPPS**

[112 N.C. App. 626 (1993)]

Where a statute contains ambiguities, a reviewing court must attempt to discern and effectuate the intent of the legislature, utilizing accepted rules of statutory construction. *See Young v. Whitehall Co., Inc.*, 229 N.C. 360, 367, 49 S.E.2d 797, 801 (1948) ("[C]ourt must resort to construction to ascertain the legislative will."). One of the recognized rules of construction is that where the words of a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning unless a different meaning is apparent or definitely indicated by the context. *State v. Lee*, 277 N.C. 242, 243, 176 S.E.2d 772, 773 (1970).

Although the common and ordinary meaning of the word "cemetery" does not require that a deceased person be interred at a site for that site to be a cemetery, it is apparent that the legislature, by its inclusion of the phrase "without . . . consent of the surviving spouse or next of kin of the deceased," intended the word "cemetery," as used in the context of N.C. Gen. Stat. § 14-148(a)(2), to mean an area where a deceased person or persons are in fact interred. As such, the presence of a deceased body is an essential element of the crime of defacing or desecrating a grave under N.C. Gen. Stat. § 14-148(a)(2) and to prove a violation of this statute, the State must prove not only that the defendant willfully performed an act proscribed by the statute, but that a deceased person was interred in the cemetery at the time the proscribed act was committed.

In this case, there was uncontradicted evidence that there was in fact no deceased person interred in the George Washington Hudson Cemetery at the time defendant removed or damaged the bricks making up the border of the cemetery. As such, the State failed to prove an essential element of the crime charged. Defendant's motion to dismiss was therefore improperly denied and defendant's conviction must be reversed.

Reversed.

Judges MARTIN and JOHN concur.